OCEANCONNECT MARINE v. M/V BUM YOUNG
CV 13-02829 JST

## ORDER FOR APPOINTMENT OF SUBSTITUTE CUSTODIAN

**FILED**
JUN 19 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Under the application of plaintiff, United States of America, for an order appointing a substitute custodian in lieu of the U. S. Marshal in this case, and good cause appearing therefore, it is

ORDERED that plaintiff's application is granted; and it is further

ORDERED that the U. S. Marshal for this District transfer custody of the defendant vessels, M/V Bum Young their engines, tackle, boilers, and appurtenances, or whichever is said defendant vessels may be found and arrested within this District, from their present location in or near Richmond, CA, or wherever said vessels may be found in this District, to the custody of substitute custodian Nielsen-Beaumont, by and through its authorized representatives, immediately following their arrest; and it is further

ORDERED that upon the transfer of said vessels to the substitute custodian, the aforesaid substitute custodian is hereby appointed to act as substitute custodian of the defendant vessels during *custodia legis* on behalf of this Court, in place and instead of the U. S. Marshal, until further order of this Court; and it is further

ORDERED that upon transfer of custody of the defendant vessels to the substitute custodian by ~~the U.~~ ~~S. Marshal~~ the U.S. Marshal shall not be liable for any loss occurring while it remains in the custody of the substitute custodian; and it is further

~~ORDERED that upon transfer of custody of the defendant vessels to the substitute custodian by the U. S. Marshal, the substitute custodian shall cause the vessels to be towed from _____, or wherever transfer of custody of the vessels shall take place, to _____, which is within the jurisdiction of this Court; and it is further~~

ORDERED that all reasonable expenditures of the U. S. Marshal shall be administrative expenses in this action and a first charge on the vessels herein, to be paid to the U. S. Marshal prior to the release of the defendant vessels or distribution of the proceeds of their sale; and it is further

ORDERED that all reasonable expenses of the substitute custodian in preparing the vessels for moving to the business address of the substitute custodian, and other related expenses, including costs of refueling and/or towing the vessels from their places of arrest to the business address of the substitute custodian, said expenses ~~being approximately~~ $_____ per vessel for the costs of tow, to be determined by the court

- 1 -

and $~~$2~~ ~~per hour~~ *which shall be determined by the court upon application, (JST)* for the costs of a mechanic to supervise the condition of the vessels during said tow, shall be administrative expenses in this action and a first charge on the vessels herein, to be paid to the substitute custodian, or to any party advancing funds to the substitute custodian, prior to the release of the defendant vessels or distribution of the proceeds of their sale; and it is further

ORDERED that all reasonable expenditures which may be incurred by the United States of America and the substitute custodian, or by any party advancing funds to the substitute custodian, in safekeeping and maintaining the vessels while they are in *custodia legis*, including costs of maintaining adequate port risk insurance on the vessels, which insurance shall be maintained by the United States Department of __Justice__, while the vessels are in *custodia legis* shall be administrative expenses in this action and a first charge on the defendant vessels herein, to be paid prior to the release of the vessels or the distribution of proceeds of their sale, said expenses of the substitute custodian ~~being $_____ per day for the cost of watchmen, wharfage, fire protection, and shorepower; $_____ per hour for a one-time charge of cleaning the vessels of fungible and/or dangerous materials, such as flammable materials; and $_____ per hour for the cost of routine maintenance and preservation of the vessels, including the cost of mechanics for the care of engines during weekly starting of said engines and pumping of the vessels, said work to take a maximum of approximately four hours per week, per vessel;~~ *to be determined by the court upon application (JST)* and it is further

ORDERED that during *custodia legis* the substitute custodian shall not permit repairs or changes to be made to the vessels, except for routine maintenance required for the vessels' safekeeping, or in emergency situations, without an order of this Court.

DONE this __19th__ day of __June__, 20__13__.

_____
United States District Judge

- 2 -

## RETURN

I HEREBY CERTIFY that in response to the within order Appointing Substitute Custodian, I surrendered the possession of the Defendant vessel, its engines, tackle, apparel, furniture, equipment, and all other necessaries thereunto appertaining and belonging to the within named substitute custodian at

_____ a.m./p.m. on _____.

By: _____ UNITED STATES MARSHAL

## RECEIPT

I, _____, the substitute custodian named in the above Order, hereby accept receipt in accordance with the terms of the said Order, of the Defendant vessel _____, at _____, and at the hour of _____, on the _____ day of _____, 20_____. I further understand that the vessel can ONLY BE RELEASED by the U. S. Marshal. Any person releasing said vessel other than the U. S. Marshal will be responsible for all costs and fees due to the U.S. Marshals Service.

Signed: _____